

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

|  |  |
|---|---|
| Joshua Brereton<br>_Petitioner_ | )<br>)<br>)<br>) |
| v. | )<br>) |
| Eric Rardin<br>_Respondent_<br>*(name of warden or authorized person having custody of petitioner)* | )<br>)<br>)<br>)<br>) |

Case: 2:25−cv−12484
Assigned To : Lawson, David M.
Referral Judge: Altman, Kimberly G.
Assign. Date : 8/11/2025
Description: HC JOSHUA BRERETON V ERIC RARDIN (LLH)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: **Joshua Peter-Raphael Brereton**
    (b) Other names you have used: **N/A**

2.  Place of confinement:
    (a) Name of institution: **F.C.I. Milan**
    (b) Address: **4000 East Arkona Road, Milan, MI 48160 (institution address) P.O. Box 1000, Milan, MI 48160 (inmate mail address)**
    (c) Your identification number: **14698-510**

3.  Are you currently being held on orders by:
    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

    _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: **United States District Court Western District of Michigan**
    (b) Docket number of criminal case: **1:22-cr-123-01**
    (c) Date of sentencing: **02/06/2023**
    ☐ Being held on an immigration charge
    ☐ Other *(explain):* _____

    _____
    _____

Page 1

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☑ Disciplinary proceedings

☐ Other (explain): _____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Discipline Hearing Officer, FBOP, Milan FCI, Michigan.

(b) Docket number, case number, or opinion number: 4057991

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

Findings of the DHO that the act was committed as charged. Disallow Good Conduct Time 27 days. Loss of commisary and visiting 90 days. Monetary fine 30 dollars. Resulting in removal from program and housing.

(d) Date of the decision or action: 2/10/2025

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: North Central Regional Office, Federal Bureau of Prisons.

(2) Date of filing: 2/24/2025

(3) Docket number, case number, or opinion number: 1232329-R1

(4) Result: No response in allotted time. Rejection received over two weeks late.

(5) Date of result: 4/14/2025 (past due response)

(6) Issues raised: • DHO did not comply with regulations on inmate discipline. Investigators did not interview named witnesses and then I was pressured to not call any at hearing. Upper body checks were not performed. DHO did not base its decision on facts.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

DHO could not have known facts because. BOP presented conflicting and/or impossible narratives. Presented known facts about the accuser that the DHO did not acknowledge or consider. DHO did not base its decision on greater weight of evidence. DHO dismissed two staff memorandums but took the word of a pathological inmate.

(b) If you answered "No," explain why you did not appeal: _____

_____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Central Office, Federal Bureau of Prisons.

(2) Date of filing: 4/28/2025

(3) Docket number, case number, or opinion number: 1232329-A1

(4) Result: Rejected

(5) Date of result: _____

(6) Issues raised: Non-response by regional office. No response time extension requested by regional office. BP10 rejected for invalid reasons. Unit team refused to make required copies even though prison did not provide access to a copy machine. Unit team refused to provide a BP10 for response to BP10 rejection as requested. All issues from first appeal.

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal: _____

This petition is the next appropriate appeal. _____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence: _____

_____

_____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes        ☑ No

    If "Yes," provide:

    (a)    Date you were taken into immigration custody: _____

    (b)    Date of the removal or reinstatement order: _____

    (c)    Did you file an appeal with the Board of Immigration Appeals?

        ☐ Yes        ☐ No

        If "Yes," provide:

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

_____

_____

_____

_____

_____

    (d)    Did you appeal the decision to the United States Court of Appeals?

        ☐ Yes        ☐ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

        (4) Result: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   DHO did not comply with regulations on inmate discipline, base its decision on facts, nor base its decision on the greater weight of the evidence.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

DHO disregarded two staff memorandums but used inmate informant, in their own

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

words, "determined reliable because: NA". Investigative staff failed to interview either of the two witnesses that I requested. Staff pressured me to drop request for witnesses. BOP claims assault happened in A-unit but also somehow in Food Service, on 11/20/24 but also somehow on 11/28/24, and then that it was at a time when I was verifiably locked in a different cell than inmate Bishop.

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes          ☐ No

**GROUND TWO:** I am disallowed due process as outlined in BOP regulations by staff obstruction and absence of requisite resources.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Prison did not have an accessible copy machine during the time that I was allotted to appeal. Unit team refused to supply or make required copies for appeal. Other staff refused to make required copies. Unit team refused to supply BP10 for requested response to Administrative Remedy Coordinator.

(b) Did you present Ground Two in all appeals that were available to you?

☑ Yes          ☐ No

**GROUND THREE:** Administrative Remedy Coordinator response to BP10 appeal is invalid

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

BP10 appeal submitted 2/24/2025 but response not received in allotted time with no notification of response time extension per BOP regulations. Reject reason 1 is invalid because it is not a real rule and I did not include a continuation page. Reject reason 2 unacceptable because Region response includes Incident Report Number, which proves that they knew what was being asked. Reject reason 3 unacceptable because I was not allowed to make copies and I did in fact identify the charges. Reject reason 4 is not a reason of any kind and I was not allowed to resubmit.

(b) Did you present Ground Three in all appeals that were available to you?

☑ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Central Office Administrative Remedy Coordinator to BP11 appeal did not address appeal on merits, tried to affirm invalid regional response, and included instructions cannot be followed.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Response concurs with a regional response that was not on time. Region did not follow rules and must be treated as non-responsive. Instructed to file new BP10 but I was already denied access to that BP10 appeal. BOP is not following their own rules and is failing to provide due process at all levels.

(b) Did you present Ground Four in all appeals that were available to you?

☑ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: Require the BOP to overturn DHO finding, reinstate twenty-seven (27) Good Conduct Time days, return thirty (30) dollars, and restore my placement in Life Connections Program and "A" housing unit.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_08/02/2025_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _08/02/2025_                  _Joshua Brereton_
                                       *Signature of Petitioner*


                                       _____
                                       *Signature of Attorney or other authorized person, if any*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 6, 2025

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSHUA BRERETON, 14698-510
      MILAN FCI    UNT: 2 GP    QTR: B05-008U
      P.O. BOX 9999
      MILAN, MI 48160


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1232329-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED  : MAY 5, 2025
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 4057991

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

*E. Perez B 4-16-25*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _Brereton  Joshua  P.R_  _14698-510_  _B-1_  _FCI Milan_
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

- BP10 submitted on 02/24/2025
- BP10 response received on 04/14/2025, late per regulations
- I was not notified of response time extension per regulations
- BP10 was rejected for invalid reasons
  - There is no one continuation page rule
  - The attachment was evidence not a continuation page
  - All applicable information was accessable as the rejection notice contained the official IR number
- I was not allowed to make copies

_04/28/2025_                        _Joshua Brereton_
     DATE                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

┌─────────────────────────────┐
│         RECEIVED            │
│       MAY 0 5 2025          │
│    Administrative Remedies   │
│   Federal Bureau of Prisons  │
└─────────────────────────────┘

_____
         DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

_____
GENERAL COUNSEL

CASE NUMBER: _1232329_

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
        DATE              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      BP-231(13)

TRULINCS  14698510 - BRERETON, JOSHUA - Unit: MIL-B-B

-----------------------------------------------------------------------------------------------------

FROM: 14698510
TO:
SUBJECT: BP11
DATE: 04/26/2025 10:36:35 AM

Please overturn DHO decision regarding incident report and dismiss charges. Response to BP10 was not timely per regulations and was rejected, late, for perceived violations of dubious requirements, inconsequential imperfections, and actual deficiencies that were wholly the fault of the BOP.

   The response claims that I am only allowed one "continuation page" even though I cannot find this rule anywhere and the instructions say to include all evidence I wish to present. It was evidence and not a "continuation page". Allowing many pages of evidence and supposition from the government but only one page from the defense is not parity nor fair enough to qualify as due process.

   My then unit team, both counselor and case manager, refused to make any of the copies needed for this process, even though we were not allowed to buy copy cards during this time. Another inmate was able to provide some copies but not others and so I could not include copies of the documents because the prison itself made that impossible.

   The response claims that the BP10 was rejected because I failed to identify the charges even though I specified the charges on the first page of the attachment. They go on to claim the BP10 was rejected because I did not include the incident report number but the response includes the correct incident report number. It is my only incident report ever. This omission only occurred and was possible because I intended to send the copy of the report but was prevented. This imperfection is clearly inconsequential, as the responding officer demonstrated that they knew the intended report and undoubtedly had access to all relevant documents. They therefore should have investigated the claims and presented an actual determination.

   Finally, I wished to both appeal via BP11, due to time limit violations, but also resubmit a corrected BP10 to give them another chance to rectify this at the lowest level, but my current unit team would only allow me to choose one or the other so I opted for the BP11. My initial appeal may have been imperfect, but it was coherent and adequate especially considering that I was denied commonsense assistance. Thank you for your time and consideration.

IR Number: 4057991
BP10 Submission Date: 02/24/2025
BP10 Response Date: 04/14/2025

Joshua Brereton

Joshua Brereton

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 7, 2025

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : JOSHUA BRERETON, 14698-510
      MILAN FCI    UNT: 2 GP    QTR: B05-008U
      P.O. BOX 9999
      MILAN, MI 48160


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1232329-R1      REGIONAL APPEAL
DATE RECEIVED  : MARCH 7, 2025
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 4057991

REJECT REASON 1: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER.  TEXT ON ONE SIDE.  THE
                 TEXT MUST BE LEGIBLE.

REJECT REASON 2: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
                 ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF THE  DHO REPORT YOU
                 WISH TO APPEAL OR    IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : ONE 8.5X11 CONT PAGE ALLOWED TEXT FRONT SIDE ONLY
                 (YOU PROVIDED 7) DIDNT SPECIFY IR# U WISH TO APPEAL
                 OR PROVIDE COPY OF DHO REPORT CORRECT RESUBMIT 10D



U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Brereton, Joshua P.R.**          **14698-510**          **B1**          **FCI Milan**
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

DHO did not substantially comply with regulations on inmate discipline.

DHO did not base its decision on facts.

There was conflicting evidence.

DHO did not base its decision on the greater weight of the evidence.

Please see attached.

_02/24/2025_                              _Joshua Brereton_
DATE                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

REGIONAL DIRECTOR

CASE NUMBER: **1232329-R1**

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

BP-A0308
JAN 17

## ADMINISTRATIVE DETENTION ORDER

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

MILAN FCI
Institution

Date/Time: 11-28-2024 07:57

TO: Special Housing Unit Officer

FROM: CORSI, LIEUTENANT _____, (Name/Title)

SUBJECT : Placement of _____ BRERETON, JOSHUA _____, Reg. No. _____ 14698-510 ____, in Administrative Detention

_____(a)  Is pending an investigation for a violation of Bureau regulations;

___✓___(b)  Is pending an SIS investigation.

_____(c)  Is pending investigation or trial for a criminal act;

_____(d)  Is to be admitted to Administrative Detention

_____(1)  Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____(2)  Since a serious threat exists to individual's safety as perceived by staff, although person  has not requested admission; referral of
the necessary information will be forwarded for an appropriate hearing by the SRO.

_____(e)   Is pending transfer or is in holdover status during transfer.

_____(f)   Is pending classification; or

_____(g)   Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's
designee.

It is this  Correctional  Supervisor's  decision  based  on  all  the  circumstances  that  the  above  named  inmate's  continued presence in the general
population poses a serious threat to life, property, self, staff, other inmates,  or to the security or orderly running of the institution because*

SIS INVESTIGATION

Therefore, the above named inmate is to be placed in Administrative Detention until further notice.  The inmate received a copy of this Order on

(date / time) 11-28-24 @ 0820

Staff Witness Signature/Printed Name  RISING / Rising _____ Date 11-28-24

Supervisor 24 hour review of placement: Signature/Printed name _____

* In the case of DHO action, reference to that order is sufficient  In other cases  the Correctional supervisor will make an independent review and decision, which is
documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status) Copy - Captain; Copy -  Unit Manager; Copy - Operation Supervisor
- Administrative Detention Unit; Copy – Psychology; Copy - Central File

PDF

Prescribed by P5270

(Replaces BP-A0308 of JAN 88.)

BP-A294.052
MAY 1994

**NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

FCI Milan
_____
Institution

DATE: _1/28/25_

TO: _Joshua Brereton_                    Reg. No.: _14698.510_

ALLEGED VIOLATION(S): _Assault w/o Serious Injury_

DATE OF OFFENSE: _11/20/2024_                    Code No.: _224_

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _To be announced_ , at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ____ (do not) _✓_ wish to have a staff representative.

If so, the staff representative's name is:  - _____

You will also have the right to call witnesses at the hearing and to pre~~~~ evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to r _See_ ~w.  Briefly state to what each proposed witness would be able to testify.                    _attachment_

I (do) ____ (do not) _✓_ wish to have witnesses.

NAME: _____          n Testify to: _____

_____

_____

NAME: _____          , Can Testify to: _____

_____

_____

NAME: _____          , Can Testify to: _____

_____

_____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonable available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

I additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: _1/27/25_     SIGNATURE: _Joshua Brereton   14698-510_

Notece of hearing before DHO given inmate _1/27/25_   _153_   by _G. Hill Dad CSO_
                                         Date/Time                    Staff Printed Name/Signature

Replaces BP-294(52) of JAN 88



| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | |

**Part I - Incident Report**

*212*

| 1. Institution: **MILAN FCI** | Incident Report Number: **4057991** | |
|---|---|---|
| 2. Inmate's Name<br>**BRERETON, JOSHUA** | 3. Register Number<br>**14698-510** | 4. Date of Incident<br>**11-20-2024** | 5. Time<br>**0630 hrs** |
| 6. Place of Incident<br>**Food Service** | 7. Assignment<br>**SHU UNASSG** | 8. Unit<br>**7 LCP** |
| 9. Incident<br>**224 -- ASSAULTING W/O SERIOUS INJURY.** | 10. Prohibited Act Code(s)<br>**224** |

11. Description Of Incident
(Date: **01-23-2025**    Time: **0630 hrs**    staff became aware of incident)

On January 23, 2025, at approximately 06:30 AM, I became aware a Special Investigative Services case (MIL-25-0075) was officially signed off by the warden. Specifically, this case determined inmate Brereton, Joshua #14698-510 physically assaulted inmate Bishop, Thomas #22854-026 on November 28, 2024. This altercation took place in the "A" Housing Unit where   inmate Brereton's perception of Bishop staring at him, resulted in Brereton entering Bishop's cell and began to Assault Bishop with closed fists to the face. Brereton's Medical assessment indicates him being right-handed and it was noted to have mild swelling around the knuckles with two slight scratches to the middle and ring finger knuckles.

| 12. Typed Name/Signature of Reporting Employee<br>**M. Stoddard** | 13. Date And Time<br>**01-23-2025 0711 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature)<br>*C Bradley* | 15. Date Report<br>Delivered<br>*1/23/25* | 16. Time Report<br>Delivered<br>*1245* |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                           Replaces BP-S288.052

105u



BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

IR#: 4057991
Reg#: 14698-510
BRERETON, JOSHUA

| | |
|---|---|
| Institution: **MILAN FCI** | Incident Report Number: **4057991** |
| NAME OF INMATE: **BRERETON, JOSHUA** | REG.NO.: **14698-510**    UNIT: **7 LCP** |
| Date of Incident Report: **01-23-2025** | Offense Code(s): **224** |
| Date of Incident: **11-20-2024** | |

Summary of Charges:

    224 -- ASSAULTING W/O SERIOUS INJURY.

---

I.   NOTICE OF CHARGE(S)

  A.   Advanced written notice of charge (copy of Incident Report) was given to inmate on **01-23-2025** at **1245 hrs** (by staff member) **C. Bradley**

  B.   The DHO Hearing was held on **01-29-2025** at **1106 hrs**

  C.   The inmate was advised of the rights before the DHO by (staff member): **Dew** on **01-27-2025**
      and a copy of the advisement of rights form is attached.

  D.   Delay in Process   **None**

---

II.   STAFF REPRESENTATIVE

  A.   Inmate waived right to staff representative: [Yes] **X**    [No] __

  B.   Inmate requested staff representative and
     **NA**                                          appeared.

  C.   Staff Representative's Statement:
     **NA**

  D.   Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
     **NA**

  E.   Staff representative **NA** was appointed.

---

III.   PRESENTATION OF EVIDENCE

  A.   Inmate ( ) admits    ( **X** ) denies the charge(s).

  B.   Summary of Inmate Statement:
     **I deny it, I didn't do it. I told the unit officer when he asked me and I told the LT when I had my medical assessment, I hurt my hand at work. I have a good job in the chow hall warehouse. I didn't consider myself injured though. I'm a hard worker; my hands get hurt all the time.**

---



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  4057991 |
|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | Reg#: 14698-510 |
| | | BRERETON, JOSHUA |

C.   Witnesses

1.   The inmate waived right to witnesses.   [Yes] **X**      [No] ___

2.   The following persons were called as witness at this hearing and appeared
(Each witness name and statement listed below):
**NA**

3.   The following persons requested were not called for the reason(s) given
(Each witness name and statement listed below):
**NA**

4.   Unavailable witnesses were requested to submit written statements and
those statements received were considered (Each witness name and
statement listed below):
**NA**

D.   Documentary Evidence. In addition to the Incident Report and
Investigation, the DHO considered the following documents:
**Incident Report -- (BP-A288)**
**Incident Report - Medical Assessments -- (BOP-IRMEDA)**
**Incident Report - Photographs -- (BOP-IRPHO)**
**Incident Report - Staff Memorandums -- (BOP-IRMEM)**
**Incident Report - SIS Reports -- (BOP-IRSIS)**

E.   Confidential information was used by DHO in support of his findings, but
was not revealed to the inmate. The confidential information was documented
in a separate report. The confidential information has been (confidential
informants have been) determined to be reliable because:
**NA**

---

IV.   FINDINGS OF THE DHO

**X**  A. The act was committed as charged.        ___ C. No prohibited act was committed:

___ B. The following act was committed:                Expunge according to inmate
discipline PS.

---

V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
written documents, etc.)

The DHO advised you of your rights before the Discipline Hearing Officer and you stated you
understood those rights.  You confirmed you did not request a staff representative. You requested
no witnesses and presented no documentary evidence on your behalf.

The inmate appeared before the DHO and acknowledged receipt of the incident report.  He stated
that he did not have any issues with the discipline process to this point. The DHO finds you
committed the prohibited act of Code 224, Assault.

The DHO basis this finding on the reporting officers  statements in Section 11 of the incident report
which states, "On January 23, 2025, at approximately 06:30 AM, I became aware a Special
Investigative Services case (MIL-25-0075) was officially signed off by the warden. Specifically, this
case determined inmate Brereton, Joshua #14698-510 physically assaulted inmate Bishop, Thomas
#22854-026 on November 28, 2024. This altercation

---



BP-A0304          **DISCIPLINE HEARING OFFICER REPORT**          IR#:  4057991
                                                                 Reg#: 14698-510
Dept. of Justice / Federal Bureau of Prisons                     BRERETON, JOSHUA

took place in the "A" Housing Unit where  inmate Brereton's perception of Bishop staring at him, resulted in Brereton entering Bishop's cell and began to Assault Bishop with closed fists to the face. Brereton's Medical assessment indicates him being right-handed and it was noted to have mild swelling around the knuckles with two slight scratches to the middle and ring finger knuckles".

Administrative notice:  The DHO noted an error to section 4 of the disciplinary infraction with the date of the incident. Section 4 has the date of the incident noted as November 20, 2024. The DHO noted all of the evidence submitted has the date of the incident as occurring on November 28, 2024. The DHO noted this was merely a typographical error and in no way hindered your ability to marshal a defense. The DHO noted the date of incident is notated as November 28, 2024, in section 11 of the incident report.

The DHO considered Inmate Investigative Report Number MIL-25-0075. However, you were advised, for security purposes, the details of that report would not be revealed to you.

The DHO considered two photographs and a medical assessment for inmate Bishop which confirms, he sustained abrasions to the forehead and lip as a result of the incident.

The DHO considered a medical assessment for you.  In the medical assessment you are notated to have mild swelling at knuckles with 2 slight scratches to the middle and ring finger knuckle.  During the medical assessment you claimed the scratches were from moving boxes previously in the day. The DHO noted you had injuries consistent with being in an altercation.

The DHO considered two staff memorandums but did not find them compelling in making a finding as those staff did not witness the incident.  The DHO notes those staff only responded to the incident and aided afterward.

Upon your confinement to any Bureau of Prisons (BOP) facility, you participate in Admissions and Orientations (A&O), wherein you were advised of BOP rules and regulations and your responsibility to abide by these rules. You are also provided an A&O handbook, which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

The DHO noted during the investigative process you stated to the investigator, "I disagree".

The DHO noted during the UDC, you stated, "I disagree".

During the DHO hearing you denied the charge by stating, "I deny it, I didn't do it. I told the unit officer when he asked me and I told the LT when I had my medical assessment, I hurt my hand at work. I have a good job in the chow hall warehouse. I didn't consider myself injured though. I'm a hard worker; my hands get hurt all the time".

The DHO considered your statements but found them insufficient to excuse you from the offense. You did not provide, nor did the DHO find any credible evidence to support your claims that you didn't do anything to inmate Bishop. The DHO noted you had injuries to your hand consistent with being in an altercation.  The DHO further noted your statement before the DHO and medical staff you had hurt your hand moving boxes at work earlier in the day.  The DHO noted the incident occurred about 6:30 in the morning, before the morning work call. The DHO further noted you are responsible to report any injuries at work to your supervisor.  The DHO noted you did not report the alleged injury to your supervisor.

Therefore, based on the greater weight of evidence the DHO finds you committed the prohibited act of Code 224, Assault.  Greater weight is given to section 11 of the incident report, photographic evidence, medical assessments, SIS investigation and your statements before medical and the DHO.



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  4057991 |
|---|---|---|
| | | Reg#: 14698-510 |
| Dept. of Justice / Federal Bureau of Prisons | | BRERETON, JOSHUA |

VI.   SANCTION OR ACTION TAKEN
**224 (FREQ 1) - DIS GCT 27 DAYS, 224 (FREQ 1) - LP COMM 90 DAYS, 224 (FREQ 1) - LP VISIT 90 DAYS, 224 (FREQ 1) - MON FINE 30 DOLLARS**

When imposing a sanction of Disciplinary Segregation (DS), The Discipline Hearing Officer considered the time served as a primary means when calculating your sanction of (DS). This may not always be a viable option, due to concerns related to the safety of staff, safety of inmates or safety and security of the institution.

VII.   REASON FOR SANCTION OR ACTION TAKEN
The action/behavior on the part of any inmate to assault another inmate or staff, whether or not serious injury is inflicted, threatens the health, safety and welfare of not only the inmate involved, but that of all other inmates and staff. Inmates observing the assault may become involved thus creating a larger disturbance for staff to control. Assaults make it difficult to provide security for all concerned. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction of disallowance of Good Conduct Time (Dis GCT) was imposed to emphasize the seriousness of the offense and to enforce the standard that inmates be held accountable for their actions as well as to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

The sanctions for loss of commissary and visiting privileges were imposed to enforce the standard that inmates be held accountable for their actions but were as the DHO believes the sanctions will provide sufficient deterrence of future misconduct.

The sanction of the monetary fine was imposed to emphasize the seriousness of the offense, to enforce the standard that inmates be held accountable for their actions, and to deter similar future misconduct and was based on your account balance of $110.42, on the date of the DHO hearing.

VIII.   APPEAL RIGHTS:  **X**  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. KELLER** | **E. KELLER** | **02-10-2025** |

DHO Report Delivered to Inmate by:

| J.Shell | J.Shell | 2-10-25 / 1400 |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                    Replaces BP-304(52) of Jan 88

Brereton
14698-510

To whom it may concern,

I have received an incident report for "assaulting
without serious injury." The decision to impose this
incident report was wrong for many reasons. I have
already stated many times that I did not commit
the charged conduct. And, upon being released from
the SHU, I have become aware of further evidence
that due diligence was not done in this investigation.

The most readily aparent issue with these pro-
ceedings is the presence of so many inconsistencies
in the reporting. The date of the incident is stated
as 11-20-2024 in some places but then 11-28-2024
in others. The place of incident is stated as Food
Service in some places but then A Housing Unit in
others. For many reasons 11-20-2024 does not seem like
a possible date and then 11-28-2024 is also impossible
because, if my door had even been unlocked by the
time stated, I was also noticeably fast asleep when
the officer came to get me. I see that the DHO "consider-
ed" memorandums from two staff members but did not
find them "compelling" but, since a staff member had
to come unlock my door and/or wake me up to bring me
to the lieutenant's office, it would seem like it would

be compelling evidence that I had not just assaulted someone in some other cell. If some of these inconsistencies are based on incorrect "witness" statements from inmates, it should rightfully cast further doubt on their testimony. Their words should never be taken as truth if they keep giving false information on dates, times, locations, and identities of perpetrators. If these errors are the result of investigative staff negligence alone, it either demonstrates that they do not have enough of an understanding to bring charges or that they did not bring the motivation or attention to detail to this investigation to accurately determine facts and so bring charges.

When I was asked if anyone could attest to my locations and activities during these times, I gave two names of inmates that, between the two of them, were with me almost all of the time the days before I went to the SHU. One was brought in and questioned, but the other was not. The one that was not brought in was with me almost every day throwing boxes of cans around at work in the Seven Day Room. We bust our hands up all the time; so much that we hardly think twice about it when we get a little bump or scratch. It was just part of the job and I never wanted to make a big deal about it. Now I have come to find out that upper body checks were not done in A-unit or

Food Service which could have revealed someone else with far more than a little nick on their hand from honest work. The same inmate that was not called in was with me in the unit the day before and would be a much more credible witness than whoever said they saw me assault someone.

A hindrence to my ability to successfully defend myself against these accusations is actually my reluctance to cause undue harm to another person combined with my understanding that investigators can and do lie to us. I understood full well that Inmate Bishop may not have falsely accused me and so I might just be subject to the classic "prisoner's dillema", where I would be tricked into selling out this other person who has potentially done me no harm. I had no way of knowing for sure what the truth was and so did not reveal all of the terrible things that we all know about Bishop that would help them understand that he has so many actual enemies that would all do this to him if they had a chance. It really seems like I am being found guilty of this one really big thing to punish me for two much smaller things that I actually did do. I did not report a minor injury to my hand. At the time it was just a scratch and did not even swell until the next day. And then I did not tell on Bishop because I could not

believe with certainty that he falsely implicated me in all of this. I accept these mistakes but they are not the conduct charged. The DHO made it sound like I was being found guilty for not reporting the scratch on my hand.

I would tell anyone who asks that I do not like inmate Bishop. It is also no secret that Inmate Bishop routinely acts physically aggressive towards many of the inmates here and has attempted to sexually assault some of them. Staff are aware that he preys on and sexually abuses mentally deficient inmates. He is infamous for peering in on naked inmates in the shower and then trying to enter their shower stall to rape them. He then has the audacity to blame the victim when he is confronted by them. Many have heard him try to justify the sexual assaults that he committed and attempted against children. He gets on the podium in LCP and talks about dismembering his own mother with an axe! He is very obviously a psychopath, and psychopaths lie. Inmate Bishop is a compulsive liar who mainly lies to illicet sympathy for imaginary illness or life events. The psychology department here must have evidence that he is the type of person who would mutilate himself for that attention. He has been trying to tell anyone who will listen that he has been beaten up every day for possibly all of last year.

He keeps getting mysterious marks on his face as he shops this same old story around but nobody has ever seen anyone go near him. This "assault" may have never happened at all. Considering his long history of aggressive behavior towards other inmates, there are 198 inmates in A-unit alone that should be suspects. If there in fact was an assault but Bishop could not identify the attacker, he would lie. He would lie just to not waste an opportunity to hurt someone that he does not like. And remember, there were no body checks conducted.

Once released from the SHU, I was informed that an inmate witness had approached a staff member to try to give information regarding this investigation. It seems that no action was taken to use the information or to bring the inmate to proper investigative staff. The BOP regulations indicate that an inmate can be called in as a witness. I told three different staff members of a witness that I needed them to talk to, but they would not talk to him or get a statement from him for over two months while I was in the SHU and then coerced me into saying that I did not want a witness. I wanted a witness! They had two months to set it up but then implied that I would be punished if I continued to

indicate that I wanted one because it would be too much work for them. He was on this compound and was willing to give a written statement.

One last area of concern is regarding the use of my handedness as evidence. This is just not scientific and demonstrates how little evidence there actually is. Over ninety percent of everybody is right handed and there are arguments for why a person would be just as likely if not more likely to scratch their non dominant hand in an altercation. If the scratch had been on my left hand the opposite logic may very well have been used as evidence of guilt. Someone saw this on "CSI" and now here we are with this bunk science being considered with real world implications.

Based on the evidence you now have before you, I believe that you may conclude that the DHO did not substantially comply with regulations on inmate discipline and/or did not base their decision on facts. More importantly, there was conflicting evidence, and the decision was _not based_ on the greater weight of evidence. Against me was the word of a known sociopathic liar and a minor scratch on my hand. For dismissal there is much more and more reputable evidence. All dates and times given for the incident are impossible, there are three

Page 7/7

inmate witnesses to my activities and locations, and given that two staff memorandums were dismissed as not "compelling", they must have contained statements that supported my claims. Otherwise, their absence would neither be necessary or need to be explained. For these reasons I ask you to reverse this ruling. Thank you for your time, integrity, and consideration.

Joshua Brereton
ID# 14098-510 EO-Unit
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

U.S. MARSHALS

RECEIVED
AUG 11 2025
CLERKS OFFICE
DETROIT

United States District Court
for the Eastern District of Michigan
Office of the Clerk
Theodore Levin United States Courthouse
231 West Lafayette Blvd.- Room 564
Detroit, MI 48226

