FILED
DEC 01 2025
CLERK'S OFFICE
DETROIT

Reply to Responsive Pleading

11/25/2025

1/4

(6)

The idea that only "some evidence" is enough should be rejected in this case because what they claim is evidence of my guilt is actually more indicative of either someone else committing the act or even of Inmate Bishop's own self harm and deception. Then there is the verifiable proof that I did not commit the offense because I was locked in my cell during that time. The DHO threw out the two staff memos that confirm that I was locked in my cell, far away from Inmate Bishop, for far more than the entire time specified. I ask the court to stand with common sense that "some evidence" should not trump hard proof.

Please note that, in their response, the government chooses only one of the dates and one of the places where and when the BOP claims an assault took place, ignoring that the BOP also somehow claims that the assault took place a week earlier and in food service instead of a housing unit.

As I have stated, I was not allowed to call a witness in my defense. Contrary to the government's claim that my only response to investigative staff was "I disagree", I fully cooperated, answering all questions, and repeatedly asked them to interview specific witnesses. These witnesses were never interviewed. The BOP did not satisfy the minimum requirements of procedural due process because I was forced to rescind my request for witnesses at the DHO hearing due to an articulated threat of retaliation by prison staff. Government claims that the finding was based on four sources of evidence, but this is intentionally misleading. The "Incident report" is merely a summary of "SIS Investigation" which is essentially a summary of the "medical assessment" and the so-called "Photo Evidence", which only really shows that Inmate Bishop had injuries, which I do not dispute, but no good evidence that I was the perpetrator.

All of their "evidence" is just an echo of an echo of a false statement made by a known pathological liar and are somehow taken as fact in the face of two statements by staff and verifiable proof.

Evelyn Keller confirms, contrary to government argument, that if there is conflicting evidence, the decision must be based on the greater weight of evidence. The fact that SIS determined that an assault happened during a time when I was locked in my own cell and had been for at least six hours is already irrefutable evidence, heavy evidence, in my favor.

The investigative process was clearly flawed and not worthy of producing what would be called "evidence". The government has included this "evidence" that includes two impossible and different dates for a supposed incident, and two conflicting and impossible locations. The investigators also failed to disclose "known facts", considered admissible evidence by the BOP, that inmate Bishop suffered from constant delusions, was a compulsive liar, and displayed munchhausenesc behaviors which included feigning illness, disease, and injuries, to manipulate the sympathies of inmates and staff. That he used these tactics to prey on children, and then disabled adults. In prison, he had countless enemies. With a clearly botched investigation, a common scratch on my hand, and the ravings of a delusional inmate on one hand, she dismissed two statements by staff that supported my defense, dismissed my far more credible claims, and did not ensure that I was allowed to call other, far more credible witnesses. In these ways she both failed to ensure that I was allowed due process, and to identify where there was clearly a greater weight of evidence.

Evelyn Keller claims that the DHO appeals were rejected for not including copies or information, and for formatting errors, but the BOP responses were not on time. This would be a denial without stated reason, according to the BOP. Grounds two, three, and four should not be dismissed just because the warden is not asserting a failure to exhaust remedies. They should be considered because between the DHO, the warden, and the Administrative Remedy Coordinators at all levels, there is not a functioning administrative remedy process as required by BOP policy. Not only was there no working copy machine available to inmates in Milan FCI for the entire time I had to file my appeal, every staff member I asked to make the copies refused. Their late reply claimed to not know what DHO decision I was appealing even though it was the only one I ever had, it was specified in my included statement, and they included the number in their reply. There was no formatting issue. The provided form says to include all evidence I wish to submit, so I wrote and included a statement. They claim that by following their instructions I have broken some rule that they will not cite. Subsequent appeals were rejected because they claim to agree with a late response. I was denied a BP-10 by my unit team even though I was instructed by region to file one. My original appeal was denied, late, for failing to meet a requirement the prison/BOP would not allow me to meet by not allowing me to make copies.

    The BOP's requirement that appeals from inmates be perfect, as if assisted by counsel when none is provided, is unreasonable, and their automatic denials simply obstruct justice instead of serving as a process to seek it, especially as they refuse to provide requisite resources and services.

Please vacate these penalties not only because the DHO failed to base its decision on the greater weight of evidence, but also because I was not afforded due process at any level of appeal. If the BOP does not allow due process at any level, every incident report will and should be litigated in the courts. I was not allowed to call witnesses. I was not allowed to make the required copies. Region claimed to not know which incident report even as they cited its number in their late reply. Region cited non-existent formatting rules and refused to hear my case because I followed their instructions. Unit team refused to provide BP-10 even when region told me to file one. And central office denied my appeal by concurring with flawed and late region response even though a late response is a denial without reason. No level of administrative remedy would even consider or respond to the issues raised. Thank you.

Joshua Brereton

*Joshua Brereton* (signature)

FCI Milan ID#:
14698-510

United States District Court
Eastern District of Michigan

Joshua Brereton
vs.
Eric Rardin                Case No. 25-12484

Please see attached responsive pleading reply which I put into the inmate outgoing mail box in C-unit on Nov 25, 2025.
Thank you.

Joshua Brereton

*Joshua Brereton* (signature)

FCI Milan ID#:
14698-510

Joshua Brereton
NAME
14698-S10 C-unit
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

RECEIVED
DEC 01 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

United States District Court
for the Eastern District of Michigan
Office of the Clerk
Theodore Levin United States Courthouse
231 West Lafayette Blvd. - Room 564
Detroit, Michigan 48226

METROPLEX MI 480
26 NOV 2025 PM 8 L

48226-271639