UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA BRERETON,

        Petitioner,                     Case Number 25-12484
                                                         Honorable David M. Lawson

v.

ERIC RARDIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Joshua Brereton presently is serving a federal sentence at the Federal Correctional Institution in Milan, Michigan for arson of a Planned Parenthood facility in Kalamazoo, Michigan. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 arguing that his custodial sentence is being extended improperly because certain good time credit has been taken from him after he wrongly was found guilty of prison misconduct (assaulting another inmate) by a Disciplinary Hearing Officer (DHO). Brereton contends that the evidence was insufficient to sustain the DHO's finding. He also protests certain defects in the Bureau of Prisons' (BOP) administrative remedy process that prevented him from pursuing those remedies before filing this petition. The warden has not interposed the affirmative defense of failure to exhaust administrative remedies, and there is sufficient evidence under the governing standard to support the misconduct finding. The petition, therefore, will be denied.

I.

Brereton pleaded guilty in the United States District Court for the Western District of Michigan to committing arson of property used in interstate commerce in violation of 18 U.S.C. § 844(i). He was sentenced to 60 months in prison on February 6, 2023.

The BOP accused the petitioner of physically assaulting another inmate, Thomas Bishop, on November 28, 2024. The assault occurred in a prison housing unit when Brereton, believing that Bishop was staring at him, entered Bishop's cell and struck him with closed fists in the face. A medical examination determined that Brereton had mild swelling around the knuckles on his right hand with two slight scratches to the middle and ring finger knuckles. ECF No. 1, PageID.17.

Brereton was charged with assault without serious injury (Code 224), and he was given a written notice of the charge on January 23, 2025. A disciplinary hearing was conducted before a Disciplinary Hearing Officer (DHO) on January 29, 2025. Brereton was advised of his rights and declined the offer to have staff representation, to call witnesses, or to provide any documentation in his defense. Brereton, however, provided a statement at the hearing in which he denied the charge and stated that he injured his hand while working. At the hearing, the DHO reviewed several documents beginning with the incident report, as well as a Special Investigative Services case report (MIL-25-0075). The DHO also looked at two photographs and a medical assessment for Bishop that confirmed that he suffered abrasions to his forehead and lip. The DHO also considered Brereton's medical assessment, which reported mild swelling of his knuckles and two slight scratches. The DHO observed that Brereton's injuries were consistent with being in a fight, even though Brereton indicated that the scratches occurred because he moved boxes the previous day. The DHO further considered two staff memoranda but did not use them in her finding because both staff members responded to the scene after the fact and did not witness the incident. During the investigative process, Brereton's only response to the investigator was "I disagree." The DHO indicated that Brereton did not report the alleged work injury to his supervisor. She determined, therefore, that Brereton's statements were "insufficient" to exonerate him of the offense, because there was no "credible evidence" to support his contention that he did not assault Bishop. Based

on "the incident report, photographic evidence, medical assessments, SIS investigation" and Brereton's own statements to medical staff and the DHO, the DHO found that Brereton committed the assault "based on the greater weight of evidence." The DHO imposed sanctions, including the disallowance of good conduct time and explained the reasons why she imposed the sanctions. ECF No. 1, PageID.18-21.

Brereton contends that he attempted to exhaust his administrative remedies following his prison disciplinary hearing but alleges that there were several defects in the process that prevented him from being able to do so adequately. He says that FCI-Milan did not have an accessible copy machine for him to make copies for his administrative appeal within the time allowed for filing an appeal. He contends that his prison unit team refused to provide him with a BP-10 form to allow him to respond to the Administrative Remedy Coordinator. Brereton also says that the BP-10 appeal that he eventually filed with the BOP's Regional Office was rejected for invalid reasons and that the Regional Office failed to take into account that the reason for the appeal's untimeliness was because he had not been provided access to a copy machine or the requisite BP-10 forms within the allowed time to appeal. Brereton further alleges that the Central Office Administrative Remedy Coordinator did not address his subsequent BP-11 appeal on the merits, choosing instead to affirm the Regional Office's "invalid" response to Brereton's BP-10 appeal. Brereton argues that the BOP violated his due process rights by failing to provide him timely and fair access to the administrative remedy process.

II.

A federal prisoner is entitled to habeas corpus relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Courts have determined that the proper procedure for a federal inmate who wishes to challenge the way his

sentence is carried out is to file a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Federal prisoners ordinarily must exhaust administrative remedies for their claims before filing a section 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). The Federal Bureau of Prisons has an administrative-remedy program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). The exhaustion requirement generally is "required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Section "2241's exhaustion requirement is not statutorily required," however, and "a prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile," or where the remedy would not "afford the petitioner the relief he seeks." *Fazzini*, 473 F.3d at 235-36.

Brereton devotes considerable effort in his briefing to an explanation of why he was not able to pursue his administrative remedies within the BOP. However, the failure to exhaust administrative remedies is an affirmative defense that the respondent is required to plead and prove. *Luedtke,* 704 F.3d at 466. And the warden in his answer indicates that he is not asserting Brereton's failure to exhaust his administrative remedies as a defense to the petition. ECF No. 6, PageID.69. Section "2241's exhaustion requirement is not statutorily required" nor a jurisdictional prerequisite, *Fazzini*, 473 F.3d at 235-36, and it can be waived, *see United States v. Basciano*, 369 F. Supp. 2d 344, 348 (E.D.N.Y. 2005), as the warden did here. Any shortcomings in Brereton's

- 4 -

efforts to exhaust his administrative remedies will not stand as an obstacle to the relief he seeks from this Court.

A.

Brereton argues in his first claim that his prison misconduct conviction should be vacated for two reasons: (1) the DHO did not follow proper procedures before finding the petitioner guilty; and (2) there was insufficient evidence to support the DHO's finding. The focus here is on the prison disciplinary proceeding and the loss of good conduct time.

1.

A prison inmate "may not be deprived of life, liberty, or property without due process of law," but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum requirements of procedural due process in prison disciplinary matters are (1) written notice of the charge at least twenty-four hours before the disciplinary hearing, (2) an opportunity to call witnesses and to present documentary evidence at the hearing when doing so will not be unduly hazardous, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Id*. at 564-66.

The BOP complied with these requirements in Brereton's disciplinary proceeding. Brereton was given written notice of the charges at least twenty-four hours before his disciplinary hearing. The hearing officer furnished a written statement describing the evidence she relied on and the reasons for the disciplinary action. Brereton was given the opportunity to present witnesses and documentary evidence. And he was offered the assistance of prison staff.

Brereton also alleges that BOP investigators did not interview any of his proposed witnesses and that he was pressured into not calling these witnesses at the hearing. ECF No. 1,

PageID.2. However, he has not presented any evidence in support of this contention. His conclusory and unsupported allegation that he was coerced into waiving his right to call witnesses or present evidence at his disciplinary hearing is insufficient to justify habeas relief. *Hill v. Davis*, 58 F. App'x 207, 208 (7th Cir. 2002) (holding that a state prisoner's conclusory allegation that the state prison conduct adjustment board "had him" waive his rights to use a lay advocate and to present documentary evidence in prison disciplinary proceeding was insufficient to establish that his waiver was invalid on due process grounds, absent a showing of any coercive conduct or any other evidence that his waivers were not voluntary).

There were no procedural missteps in the proceedings.

2.

Sufficient evidence also supported the misconduct determination. The requirements of due process are satisfied if "some evidence" supports a decision to revoke good time credits. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). Because this standard "is minimal," *Byers v. Zickefoose*, No. 13-306, 2015 WL 1275922, at *4 (W.D. Pa. Mar. 19, 2015), "[n]ot much evidence is required to support the action of a prison disciplinary board," *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The relevant question is whether there is any evidence in the record to support the disciplinary officer's conclusion. *Hill*, 472 U.S. at 455-56; *Lutz v. Hemingway,* 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007). A reviewing court is not required to weigh the evidence or to make an independent assessment of the credibility of witnesses. *Id*. at 455. And the Court will not second-guess prison authorities' discretion "to define offenses under their internal rules and to assign offenses in particular cases." *Falkiewicz v. Grayson*, 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003) (citing *Turney v. Scroggy*, 831 F.2d 135, 139-40 (6th Cir. 1987)). In assessing whether "some evidence" supports the outcome, inferences may be drawn, and "the

evidence need not logically preclude any conclusion but the one reached by the hearing officer." *Ibid.*

There was abundant evidence — not just "some evidence" — in this record to support the DHO's findings, including the incident report in this case detailing the facts underlying the assault against Mr. Bishop. The incident report itself was sufficient evidence from which the DHO could find Brereton guilty of the prison assault. *See Jennings v. Lemaster*, No. 22-5780, 2023 WL 5672748, *3 (6th Cir. Mar. 29, 2023) (concluding that the incident report detailing events provided "some evidence" of the prisoner's guilt). Additionally, the medical information appended to the DHO's report and the photographs in the record show that the victim sustained injuries consistent with being assaulted: abrasions to his forehead and lip; and Brereton incurred injuries consistent with him assaulting the victim, namely, abrasions to his knuckles on his right hand. He is right-handed.

Because there was some evidence on the record to support the petitioner's disciplinary conviction, he is not entitled to habeas relief. *See Humphreys v. Hemingway*, 77 F. App'x 788, 789 (6th Cir. 2003).

B.

Brereton alleges in his second, third, and fourth claims that he was denied due process because he was not given a fair opportunity to exhaust his administrative remedies with the BOP, citing several defects with the administrative process in his case.

The federal regulations that provide for an administrative remedy procedure "do not in and of themselves create a liberty interest in access to that procedure." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 WL 8897005, at *2 (6th Cir. Nov. 29, 2017) (holding that the district court properly dismissed the federal

inmate's claim that the BOP violated his due process rights by failing to maintain an effective grievance process, concluding that inmates do not have an "inherent constitutional right to an effective prison grievance procedure").  And because the warden has not asserted Brereton's failure to pursue the administrative process as an affirmative defense to this habeas corpus petition, the manner in which the administrative remedies were provided or withheld has no bearing on the outcome of this case.

Brereton is not entitled to habeas relief on any of these remaining claims.

III.

Petitioner Joshua Brereton has not shown that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The challenged decisions were not arbitrary, capricious, or an abuse of discretion, and sufficient evidence supports the disciplinary finding.  The loss of disciplinary credits must stand.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

If the petitioner appeals this decision, he may proceed *in forma pauperis.*  He is not required to move for a certificate of appealability because the statute governing certificates of appealability "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

                                                                         s/David M. Lawson  
                                                                         DAVID M. LAWSON  
                                                                         United States District Judge

Dated:  January 5, 2026